IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS M. BRADDY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv196 |
| JOHN FOX | § | |

MEMORANDUM OPINION

Thomas M. Braddy, Jr., an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

On February 7. 2010, while he was at the Satellite Prison Camp in Atlanta, Georgia, petitioner was charged with possessing a hazardous tool–a cell phone, in Incident Report 1976156. The incident alleged that on February 7, the charging officer saw petitioner talking on a silver cell phone while sitting on his bed.

On February 12, petitioner appeared before a Discplinary Hearing Officer ("DHO") for a disciplinary hearing. At the conclusion of the hearing, the DHO found petitioner guilty of the offense with which he was charged. The following punishment was imposed: (a) forfeiture of 22 days of previously earned good time credits; (b) placement in disciplinary segregation for 45 days; (c) loss of telephone and visitation privileges for 180 days and (d) a disciplinary transfer. The DHO explained his reasoning as follows:

> The DHO finds you committed the prohibited act of Possession of a Hazardous Tool, Code 108.
>
> You stated you were advised of your rights and you understood them. You were made aware of your rights before the DHO. You did not ask for witnesses or a

staff representative to assist you in preparing a defense. You have been afforded due process and have had ample time to prepare a defense prior to the Discipline Hearing.

The reporting officer stated he saw you talking on a silver cell phone while sitting on your assigned bed. At the time of the incident you admitted to having the cell phone. During the investigation you also admitted and took ownership of the cell phone. In addition, you admitted to making a mistake to the DHO during the hearing and admitted to the charge.

The DHO combined the weight of the reporting officer's eyewitness account of the incident, the physical evidence recovered, and your admission. The reporting officer provided the phone and accessories as evidence and submitted the appropriate written report.

A cellular telephone is a threat to the security of a correctional facility as they allow inmates to make unmonitored calls. Cellular telephones can be used to facilitate escapes, other crimes, and coordinate the introduction of contraband into correctional facilities.

Accordingly, the DHO finds that you committed the prohibited act of Possession of a Hazardous Tool, Code 108.

The Response to the Petition

The respondent asserts the petition should be denied because petitioner has failed to establish he was denied due process of law in connection with the disciplinary hearing. The respondent state the petition should also be denied because petitioner failed to exhaust his administrative remedies. In support of this argument, the respondent has submitted a declaration from J. Reese-Colson, a supervisory attorney at the Federal Correctional Complex at Beaumont, Texas. The declaration states, in part, as follows:

> The Administrative Remedy records show [petitioner] filed an appeal of Incident Report number 1976156 at the Regional Level only. This appeal was rejected, thus, not processed. The filing was rejected for a variety of reasons to include: failure to attach the Discipline Hearing Officer report [and] not submitting copies of the request or appeal. There is no record to indicate [petitioner] exhausted his appeal of this incident report through the [Bureau of Prison's] administrative remedy program by properly filing an administrative remedy at both the Regional and Central Office

levels. [Petitioner's] appeal of Incident Report number 1987156 sustained against him remains unexhausted ....

Analysis

*Exhaustion of Administrative Remedies*

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statue does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

The Bureau of Prisons has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the regional director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*. To challenge the action of a DHO, a prisoner proceeds directly to the third step, by filing an appeal with the regional director. 28 C.F.R. § 542.14(d)(2).

The record reflects that while petitioner filed an appeal with the regional director, the appeal was rejected for being in improper form. Prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*

*v. Ngo*, 548 U.S. 81, 90-91 (2006). Moreover, petitioner did not appeal the rejection of his administrative appeal by the regional director to the Office of General Counsel. As a result, petitioner has not exhausted his administrative remedies and his petition is subject to dismissal on that basis.

*Merits of the Petition*

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal

Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986) (citation omitted).

Petitioner does not state he was denied any of the procedural protections provided by *Wolff*. In addition, the charging officer's report provided "some evidence" of petitioner's guilt. As a result, petitioner has not demonstrated he was denied due process of law in connection with his disciplinary proceeding. His petition is therefore without merit.[1]

## Conclusion

For the reasons set forth above, petitioner has not exhausted his administrative remedies and his petition is without merit. An appropriate final judgment shall be entered denying the petition.

**SIGNED** this the 7 day of **August, 2014.**

_____
Thad Heartfield
United States District Judge

---

[1] Petitioner asserts he was improperly housed at the same prison unit as one of his co-defendants, causing him to fear for his safety. He states he borrowed the cell phone from another inmate in order to inform his family and his attorney of his concerns. However, petitioner does not state prison regulations recognize this type of defense. Nor has he cited any authority for the proposition that the Constitution requires that this type of defense be available to an inmate charged with a prison disciplinary offense. Moreover, it appears petitioner did not assert this defense during his disciplinary hearing.